Bergan, J. (concurring).
The basic concept of the traffic infraction is that a traffic violation is not a crime and the violator not a criminal. The traffic infraction was first created by a law enacted in 1934 (L. 1934, ch. 485) after it had become apparent that, with a misdemeanor criminal status attached to convictions even for minor traffic violations, the automobile drivers of the State, a generally law-abiding and responsible group of citizens then rapidly increasing in number, were incurring misdemeanor convictions in vast number.
*313 Accordingly, the Vehicle and Traffic Law was amended to provide in what is now section 155 that “ [a] traffic infraction is not a crime and the * * * punishment imposed therefor shall not be deemed for any purpose a penal or criminal * * * punishment, and shall not affect or impair the credibility as a witness, or otherwise, of any person convicted thereof.” By the same statute of 1934, the definitions of “ crime ” in section 2 of the Penal Law were amended to state “Except that the acts defined as traffic infractions by the vehicle and traffic law * * * heretofore or hereafter committed, are not crimes. ’ ’
The retroactive form of the statute had the effect of wiping out countless prior criminal convictions. Besides this, the statutes were careful to spell out the effect of a conviction for a traffic infraction as having no adverse effect on credibility or reputation (cf. Penal Law, § 2444).
A traffic violation in-New York carries a penalty, but it is not a criminal penalty even though the procedural forms of law followed in criminal courts are, as a matter of judicial convenience, also employed in traffic cases (Vehicle and Traffic Law, § 155). The penalty is something in the nature of a community sanction or civil penalty but it is not in any respect punishment for a crime. There may be a fine and, in extreme but very rare cases, a jail sentence, but these too are similar to certain civil compulsions which the law exerts.
We should not, therefore, as a matter of consistency, apply to the noncriminal class of offense all the weight and the solemn constitutional procedural mechanisms that we have learned to apply to criminal cases. The distinctions that have been carefully spelled out by the Legislature in this class of offense render it unwise as a matter of policy to treat traffic offenders as we treat persons charged with crime.
There is no constitutional need to assign counsel in such a case nor to advise that there is a right of counsel and no requirement of statute to this effect and the policy reasons which would safeguard persons accused of crime by this advice have no real application to traffic infractions. The Constitution expressly refers to “ criminal prosecutions ” in providing for “ Assistance of Counsel ” (U. S. Const., 6th Amdt.).
*314 Thus in normal course, if public authorities conscientiously prosecute the summonses they issue for traffic infractions, the penalty is small and the charge has no consequence to the standing or reputation of the vehicle operator.
The charges against appellant Letterio, considered individually as they arose, would have been routine traffic violations. They have become significant in totality and merited a jail sentence because they were not enforced as they arose.
They were not enforced because of the inexcusable failure of defendant to answer a number of traffic summonses, and the consistent failure of public authority to follow up the summonses for court appearances that had been formally issued or to execute the warrants that had been signed by Judges.
A government is bound at all costs to enforce its commands if it hopes to preserve public order. If the community gives notice by neglect and long inaction that it will make no effort to enforce the law until the violator has been able with safety to accumulate large numbers of unprosecuted violations, it invites both violations and a general refusal to respond to summonses.
Good citizens will honor the summons, but indifferent citizens will sit tight and wait for an accumulation of violations large enough to catch up with them. Adequate traffic enforcement cannot be made to stand on the honor of the good citizen to come in and be fined. It must be enforced regularly and consistently and merits whatever effort and expense may be required.
Since this case involves the failure to enforce judicial mandates, it affects judicial policy significantly and is a concern and responsibility of this court.
In the case of respondent Kohler the traffic infraction was aggravated by the nature of the speed of respondent’s car, but neither this nor the penalty imposed altered the fact respondent was not charged with a crime and the prosecution was not a criminal prosecution.
The judgment in the case of Letterio should be affirmed and in the case of Kohler reversed.